UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JACQUELINE HAYES, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | No. 4:09CV531 CDP |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

Movant has filed several documents regarding her desire to have her former trial counsel send her voluminous file to her in the Bureau of Prisons, and arguing that she does not wish to waive her attorney client privilege with regard to trial counsel. She has not filed a motion for appointment of counsel, but she repeatedly says that counsel should be appointed. The government filed a response asking the Court to order trial counsel to disclose privileged information to them so they can respond to movant's allegations.

In her motion for relief under 28 U.S.C. § 2255, movant has made numerous allegations of ineffective assistance of counsel. If she wishes to pursue these allegations, she will be deemed to have waived the protections of the attorney client privilege, and her trial counsel will be required to provide information to the government about their communications.

The documents movant filed indicate that counsel's file contains over twenty boxes of documents. Movant insists that these be sent to the Bureau of Prisons, but refuses to sign a statement acknowledging that she wishes this to be done and that she will assume the risk of any loss in the mail.

Movant cannot claim her counsel was ineffective and then refuse to allow counsel to assist the government in attempting to refute those allegations. She cannot demand that twenty boxes of files must be shipped to her in the Bureau of Prisons but refuse to agree that the federal defender's office will not be responsible if any papers are lost in shipping.

I will appoint counsel for movant under the Criminal Justice Act. At this stage I do not know if a hearing will be necessary, but it is obvious that assistance of counsel will benefit everyone in the process. Movant is warned that she must cooperate with counsel. I will allow both parties to file amended or supplemental briefs, but first want movant to consider whether she wishes to persist in the claims of ineffective assistance of counsel. If she does, she will have waived her attorney-client privilege, and her trial counsel will be required to provide information so that the government can respond to the allegations. If the case proceeds, newly appointed counsel will be able to examine whatever files are

necessary, and there will be no need for trial counsel to mail twenty boxes of documents to the movant's place of incarceration.

Accordingly,

**IT IS HEREBY ORDERED** that Matthew A. Radefeld, Frank and Juengel, 7777 Bonhomme, Suite 1601, Clayton, MO 63105, telephone 314-725-7777, is appointed to represent movant under the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A.

**IT IS FURTHER ORDERED** that the newly appointed counsel shall have full access to the criminal case file, Case No. 4:05CR353, including the presentence report and any other matters filed under seal.

**IT IS FURTHER ORDERED** that movant's pro se motion for immediate release of case file [#8] and her motion for an order that she has not waived attorney-client privilege [#9] are denied.

**IT IS FURTHER ORDERED** that plaintiff's pro se motion to waive restitution and court fee [#4] is denied without prejudice, as this request is subsumed on the § 2255 motion for relief.

**IT IS FURTHER ORDERED** that the Court will hold a telephone conference with both counsel on **Friday, July 10, 2009 at 1:30 p.m.** which should give newly appointed counsel time to initially review the files and discuss with

movant whether she wishes to proceed with this matter, given that to do so she will be deemed to have waived her attorney-client privilege with regard to trial counsel.

**IT IS FURTHER ORDERED** that the government's motion for extension of time [#11] is denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of June, 2009.