UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09CV531 CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM AND ORDER</u>**

Movant Jacqueline Hayes has indicated, through counsel, that she wishes to continue to assert that she received ineffective assistance of counsel in the underlying criminal case. Both through counsel, and through a pro se letter received today, she continues to object, however, to any suggestion that the filing of her claim of ineffective assistance of counsel waives the attorney-client privilege.

As set out in the earlier order, Hayes' assertion of ineffective assistance of counsel operates, as a matter of law, to waive the attorney-client privilege. Hayes cannot expect anything different when she has made allegations such as "Counsel failed to believe what I was telling her . . . Counsel coerced me into taking a plea . . ." and other such allegations. These claims directly implicate the communications between Hayes and her counsel, and the only way the government can respond to them (and the court can decide them) is to find out what counsel says about these

same communications. Hayes' former counsel must be allowed to provide information to government counsel in order for the government to respond to the allegations of the § 2255 motion.

I will therefore order that the attorney-client privilege between Hayes and her former counsel Caterina M. DiTraglia is waived as to all matters related to the allegations of the motion filed by Hayes under 28 U.S.C. § 2255, and attorney DiTraglia is authorized and ordered to provide the requested information to the Assistant United States Attorney in the case. I will also set a briefing schedule for the supplemental briefs in this case.

Hayes also asserts, both through counsel and in the letter I received today, that she must have the 20 boxes of documents in her former counsel's file sent to her in the Bureau of Prisons. I will not order this. I have appointed able counsel to represent Hayes in this § 2255 matter, and he can review the files and communicate with Hayes about their contents. If there are specific things that he needs to discuss with her, he can send portions to her, but I will not order all the files sent to her.

Finally, in her most recent letter Hayes states that she is thankful for the appointment of counsel for this matter, and that she will cooperate fully with this counsel. This is good to hear, and I did not intend to imply otherwise in my earlier order. But one of the things that must now happen is that Hayes may no longer

communicate directly with the Court. All filings and other things that need to be brought to my attention must be done through counsel, and Hayes may not send additional letters to me. Hayes is now represented by counsel, and so she must communicate with him, and not directly with me.

Accordingly,

**IT IS HEREBY ORDERED** that the attorney-client privilege between Hayes and her former counsel Caterina M. DiTraglia is waived as to all matters related to the allegations of the motion filed by Hayes under 28 U.S.C. § 2255, and attorney DiTraglia is ordered to provide the requested information to the Assistant United States Attorney in the case.

**IT IS FURTHER ORDERED** that the government shall file any supplemental brief no later than **August 17, 2009**. Counsel for Hayes shall file any response no later than **September 17, 2009**.

**IT IS FURTHER ORDERED** that Hayes' pro se motion for extension of time [#14] is denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of July, 2009.